Thomas PHELPS, Plaintiff—Appellant,

v.

David FULLENWIDER; Washoe County School District, Defendants—Appellees.

No. 04–15420.

United States Court of Appeals, Ninth Circuit.

Submitted March 14, 2005.*

Decided March 17, 2005.

Jeffrey A. Dickerson, Esq., Reno, NV, for Plaintiff—Appellant.

C. R. Cox, Esq., Walther Key Maupin Oats Cox & Legoy, LLP, Reno, NV, for Defendants–Appellees.

Before: NOONAN, THOMAS and FISHER, Circuit Judges.

MEMORANDUM **

Plaintiff-appellant brought an action under 42 U.S.C. § 1983 alleging that his dis-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

missal was recommended as retaliation for his protected expression on matters of public concern. *See Ulrich v. City & County of San Francisco,* 308 F.3d 968, 976 (9th Cir.2002) (describing First Amendment retaliation claim). The district court granted summary judgment for defendants, finding that plaintiff had failed to present sufficient evidence of causation or, alternatively, that plaintiff's speech was not about a matter of public concern. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Even assuming that plaintiff's speech was about a matter of public concern, the district court properly held that he failed to raise a triable issue of fact as to whether his speech was a "substantial motivating factor" for the adverse employment action. *Ulrich,* 308 F.3d at 976. The record clearly demonstrates that his dismissal was recommended following a series of complaints from parents and students about his inappropriate behavior with students, and that his dismissal was recommended only after it was determined that he had ignored a specific warning. *See Coszalter v. City of Salem,* 320 F.3d 968, 977–78 (9th Cir.2003) ("In some cases, the totality of the facts may form such a clear picture that the district court would be justified in granting summary judgment, either for or against a plaintiff, on the issue of retaliatory motive . . . .").

AFFIRMED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.